UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAM SCHRAER, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **INJUNCTIVE RELIEF FOR** |
| v. | ) | **VIOLATION OF THE** |
| | ) | **FREEDOM OF INFORMATION** |
| DEPARTMENT OF HOMELAND SECURITY, | ) | **ACT, 5 U.S.C. § 552** |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

1.      This is an action pursuant to 5 U.S.C. § 552, Freedom of Information Act (FOIA), for injunctive relief. Plaintiff, Adam Schraer, seeks the release of records that he requested from Defendant's, Department of Homeland Security (DHS), component Customs and Border Protection (CBP) regarding the policies, practices, and procedures regarding the detainment of a deaf individual at a mobile checkpoint.

## <u>PARTIES</u>

2.      Plaintiff, Adam Schraer, is a resident of Cameron County. Plaintiff is a "qualified individual with a disability" within the meaning of Title II of the ADA, 42 U.S.C §§ 12131-12134 and has a "disability" as defined under 42 U.S.C. § 12102(2).

3.      Defendant, Department of Homeland Security, is a Department of the United States Federal Government under the supervision of the Executive Branch. DHS is an "agency" within the meaning of the FOIA, 5 U.S.C. § 552 (f). CBP is a "component" of Defendant, DHS, per 5 U.S.C. § 552.

## JURISDICTION

4.      This court has both subject matter jurisdiction for this action pursuant to 5 U.S.C.(a)(4)(B) and 28 U.S.C. § 1331.

5.      This court has personal jurisdiction over the parties pursuant to 5 U.S.C.(a)(4)(B), as Plaintiff is a resident of Cameron County and Defendant maintains an office in Cameron County, Texas.

## VENUE

6.      Venue is appropriate in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

### *Plaintiff's Detainment at Mobile Checkpoint*

7.      Plaintiff is completely and profoundly deaf and has been his entire life.

8.      Plaintiff's primary language is American Sign Language. He struggles to read and write English at a grade school level.

9.      On April 7, 2013, Plaintiff traveled to Boca Chica beach with some friends. Like many Brownsville residents, he was hoping to enjoy a relaxing trip.

10.     Upon making his return home, however, Plaintiff was stopped at a mobile checkpoint located in Brownsville, Texas which was under the operative control of Customs and Border Protection (CBP).

11.     Plaintiff, alone, attempted to sign at the officers. None of the officers was able to effectively communicate in American Sign Language. Instead, one of the officers wrote a simple question on a piece of paper: "US citizen?" Plaintiff wrote in response: "yes."

12.     From that moment onward, Plaintiff was unable to understand the situation or instructions of the officers. Plaintiff wrote "ADA on a piece of paper, short for the "Americans with Disabilities Act" and his intent was to request an interpreter. The officers merely took his note and did not write any response back. Instead, they relocated him to secondary screening.

13.     Plaintiff rightly grew nervous, but hoped that the officers were attempting to contact an interpreter or set-up a video relay service. They did neither. Instead, one of the CBP officers took Plaintiff's mobile phone and, to Plaintiff's horror, called contact after contact. Plaintiff, due to his deafness, still does not know  the nature of the questions asked by the CBP officer. However, one of his friends who was called by the CBP officer contacted Plaintiff's parents, who arrived at the checkpoint and picked him up.

14.     Plaintiff was detained for two hours. He was never provided a reasonable accommodation. Even worse, he could have been deported by mistake.

### *The Border Deaf Community's Fears*

15.     As the government deploys more and more CBP officers to the southern border of the United States, the risk of contact between poorly trained CBP officers and the deaf and hearing impaired community magnifies.

16.     Deaf Individuals and their families live in fear that a CBP officer will stop them, detain them, and possibly take further action without establishing effective communication with them.  They fear that a deaf person might be asked or compelled to sign documents that could have serious implications, including, but not limited to, deportation or removal. In response to his well-founded fears, Plaintiff Adam Schraer sought information from CBP, a division of DHS, about their ADA policies and practices.

### *Plaintiff's FOIA Request*

17.     On April 22, 2013, Plaintiff submitted via fax a FOIA request to Defendant's component, CBP, pursuant to 5 U.S.C. § 552(a)(3)(A). He requested information about CBP's interpreter services for detained Deaf individuals such as himself.

18.     The request submitted to the CBP reasonably described the records requested and was made in accordance to published rules and procedures as required under 5 U.S.C. § 552(a)(3)(A).

19.     On April 29, 2013, Mr. Schraer received an acknowledgment letter for his request and was assigned the reference number 2013F14076.

20.     As of July 25, 2013, Mr. Schraer has yet to receive the requested material or a written notice informing the Mr. Schraer that due to an "unusual circumstance" there was an extension of the time limit provided for the release of the requested documentation as required under 5 U.S.C. § 552 (a)(6)(B)(i).

## CAUSE OF ACTION

### *Violation of the Freedom of Information Act for Wrongful Withholding of Records*

21.     Defendant has wrongfully withheld records requested by Plaintiff, Adam Schraer, by failing to abide by the statutory time limit for the processing of an FOIA request under 5 U.S.C. § 552 (a)(6)(B)(ii).

22.     Mr. Schraer has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records as specified under 5 U.S.C. § 552 (a)(6)(C)(i).

23.     Mr. Schraer is entitled to injunctive relief concerning the release and disclosure of the requested documentation pursuant to 5 U.S.C. § 552 (a)(4)(B).

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Instructs the Defendant and its component, CBP, to release immediately the requested documentation in its entirety; and

2. Aaward Mr. Schraer costs and reasonable attorneys fees incurred in this action as permitted under 5 U.S.C. § 552 (a)(4)(E)(i).


DATED: July 25, 2013

Respectfully submitted,


_____/S/_____

Joseph Martin
Federal Bar No. 1635490
Wayne Krause
State Bar No. 24032644
South Texas Civil Rights Project
1017 Hackberry
Alamo, TX 78516
956-787-8171
956-787-6348 (fax)
joem.tcrp@gmail.com
ATTORNEYS FOR PLAINTIFF
